United States Court of Appeals
for the Fourth Circuit

United States,
    Appellee,

v.

Brandon Jackson,
    Appellant.

No. 24-4114

**Unopposed Motion to Suspend the Briefing Schedule**

Appellant Brandon Jackson respectfully moves this Court to suspend the briefing schedule pending the Supreme Court's decision in *United States v. Rahimi*, No. 22-915. In support thereof, counsel for Mr. Jackson states the following:

    1.    A grand jury indicted Mr. Jackson on one count of transporting a firearm in interstate commerce while under indictment for a felony, in violation of 18 U.S.C. § 922(n). Mr. Jackson filed a motion to dismiss the indictment, arguing § 922(n) violates the Second Amendment under the Supreme Court's opinion in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

    2.    *Bruen* articulated a new test for evaluating Second Amendment challenges. Rather than balancing a firearm regulation's means and ends, as this

Court's prior cases instructed, *Bruen* directs courts to ask: (1) whether the "plain text" of the Second Amendment covers a challenger's conduct, and if so, (2) whether a challenged regulation is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17.

    3.    In their briefing, the parties disputed the proper resolution of both these questions. Mr. Jackson argued that, notwithstanding his felony indictment, he was a member of "the people" who enjoy Second Amendment rights, and that § 922(n) is inconsistent with America's tradition of firearms regulation. As to *Bruen*'s second step, he argued that *Bruen* established two different historical standards for assessing challenged statutes: (1) statutes addressing longstanding societal problems are unconstitutional unless they are "distinctly similar" to Founding-era regulations, whereas (2) statutes addressing unprecedented societal problems pass constitutional muster as long as they are "relevantly similar" to historical analogues. Conversely, the government contended that the Second Amendment's plain text does not cover transportation of a firearm by a person under felony indictment, and that § 922(n) is consistent with this nation's tradition of firearms regulation. It also asserted that all statutes—regardless of what kind of

2

societal problem they target—are constitutional as long as "relevantly similar" historical analogues existed at the Founding.

4. The district court denied Mr. Jackson's motion. The court analyzed *Bruen*'s first step at length and indicated that it believes only "law-abiding, responsible citizens"—a group that ostensibly excludes felony indictees—are among "the people" referenced in the Second Amendment. Ultimately, however, the court declined to decide whether Mr. Jackson was among "the people" for Second Amendment purposes. Instead, it assumed without deciding that Mr. Jackson was covered by the Second Amendment's plain text. At *Bruen* step two, the district court first adopted the government's position that the "relevantly similar" test applies to all statutes, not just those addressing newfound societal problems. It then held § 922(n) was constitutional because it was relevantly similar to (1) "surety" statutes, (2) laws disarming "certain classes of individuals based on questions regarding whether those individuals had been peaceable and/or law-abiding," and (3) "the historical tradition of sometimes detaining defendants charged with serious crimes." ECF 37 at 27-35.

5. Mr. Jackson pled guilty to the § 922(n) count, pursuant to a plea agreement that preserved his ability to appeal the district court's denial of his

3

Second Amendment motion. On February 2, 2024, the district court sentenced Mr. Jackson to time served and three years of supervised release, and he subsequently filed a timely notice of appeal.

7. On April 26, 2024, this Court issued a briefing schedule in this appeal, pursuant to which Mr. Jackson's opening brief is due on May 31, 2024.

6. On November 7, 2023, the Supreme Court heard oral argument in *United States v. Rahimi*, No. 22-915, which involves a Second Amendment challenge to 18 U.S.C. § 922(g)(8). That statute prohibits firearm possession by a person who is subject to a domestic-violence restraining order. A decision in *Rahimi* is expected by the end of the Supreme Court's term in June.

7. Although *Rahimi* entails a different statute, it presents many of the same issues that Mr. Jackson, the government, and the district court addressed below. In particular, I anticipate that the Supreme Court's opinion in *Rahimi* may resolve (1) whether "the people" protected by the Second Amendment includes all Americans, or instead only a subset, e.g., those who are considered "law-abiding" and "responsible"; (2) whether and to what extent courts should apply different historical tests—"distinctly similar" and "relevantly similar"—for different types of firearm regulations; and (3) what kinds of groups may be disarmed consistent

with American tradition. The parties in *Rahimi* addressed these questions in their briefs, and the Justices discussed them at oral argument.

8. Having the benefit of the Supreme Court's guidance on these and other questions would greatly assist the parties in briefing Mr. Jackson's appeal. Mr. Jackson therefore requests that the Court suspend the briefing schedule pending a decision in *Rahimi*. If the Supreme Court answers one or more of the above questions in *Rahimi*, the parties can avoid arguing about those issues and can instead focus their briefs more tightly on whatever questions remain in dispute. The briefs would be more streamlined, and less dense, than they would be otherwise. In addition, *Rahimi* may change Second Amendment doctrine in ways that neither party can currently anticipate (much as *Bruen* did when it was decided in 2022). Suspending the briefing schedule would permit the parties to address those new questions fully in their briefs, rather than responding to major doctrinal shifts mid-way through the briefing or asking to file supplemental briefs.

9. Mr. Jackson therefore proposes that the Court suspend the briefing schedule pending *Rahimi*. Mr. Jackson further proposes that he file a notice with the Court within three days of *Rahimi*'s issuance, at which point the Court can set a new briefing schedule.

10. I have spoken to counsel for the government, Michael Cunningham. He indicated the government does not object to this request.

Therefore, Mr. Jackson respectfully requests that this Court grant his request to suspend the briefing schedule pending the Supreme Court's decision in *Rahimi*.

Dated: April 29, 2024

James Wyda
Federal Public Defender

　/s/ Cullen Macbeth　
Cullen Macbeth
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 344-0600
cullen_macbeth@fd.org

Counsel for Appellant

**Certificate of Service**

I certify that on April 29, 2024, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

 /s/ Cullen Macbeth
Cullen Macbeth
Assistant Federal Public Defender